UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
COURT FILE NO.: CV - _____

| | |
|---|---|
| Jessica A. Knowles<br>f/k/a Jessica A. Tuttle,<br>          Plaintiff<br>v.<br><br>Valentine & Kebartas, Inc., and Scott Doe,<br>          Defendants | **COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

1

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 et. seq. (FCEUA), and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, et. seq.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here in Pennsylvania.

## PARTIES

4. Plaintiff Jessica A. Knowles is a natural person who resides in the Town of Albrightsville, County of Carbon, State of Pennsylvania, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Valentine & Kebartas, Inc. (hereinafter referred to as "VKI") is a corporate entity with its principal executive headquarters located at 15 Union Street, Lawrence Massachusetts, 01840.

6. Defendant, Scott Doe is a natural person employed by Defendant Valentine & Kebartas as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7.  At all times relevant to this Complaint, Defendants transacted business in the Middle District of Pennsylvania and at other locations throughout the United States, operating as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.  Plaintiff, Jessica A. Knowles, allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C § 1692a(5), namely, a credit card debt with Chase Bank.

9.  Plaintiff, Jessica A. Knowles, allegedly became delinquent on said account and unable to make her monthly payments due to circumstances beyond her control.

10. On or around October 2008, Defendants began contacting Mrs. Knowles via telephone and U.S. Mail in an attempt to coerce payment of a debt.

11. During a call from Defendant Doe to Knowles home, Doe attempted to pressure Mrs. Knowles into making a payment by stating that he was calling from a law firm hired by Chase Bank. Defendant, Doe then told Mrs. Knowles that she utilize her open line of credit at Wachovia Bank to settle the debt.

12. When Mrs. Knowles expressed that she could not procure payment, Defendant Doe recited the names of five members of Mrs. Knowles' family, namely Jennifer Tuttle-Mathiesen, Matt Knowlesm Barabara Knowles, Diane Tuttle and Clark Tuttle, and stating that he spoke with those individuals. He then suggested that Knowles ask those individuals for money.

13. During Mrs. Knowles subsequent conversations with her family, she discovered that the Defendants, in an effort to obtain information about her, had contacted at least two of the above-mentioned family members.

14. Defendant VKI through its agent/employees continuously placed telephone calls to Mrs. Knowles seeking payment. When advised that Knowles could not make the demanded payments, Doe threatened Ms. Knowles with freezing her bank account and garnishing her wages. When Mrs. Knowles asked if she could have some time to speak with her husband about the matter, Defendant Doe responded that she could not and needed to make a decision immediately.

15. When Mrs. Knowles refused to answer Defendants' harassing and abusive telephone calls, Defendant Doe began leaving harassing and

4

abusive voicemail messages, in which he accused Mrs. Knowles of not having the common courtesy to return his calls.

16. Defendants' conducted as described in the above paragraphs of this Complaint violated multiple and numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692b(2), 1692c(a)(1), 1692c(b), 1692d, 1692d(2), 1692d(5), 1692e, 1692e(2), 1692e(3), 1692e(4), 1692e(5), 1692e(10), 1692f and 1692f(1) amongst others.

17. In addition to the calls referenced above, Ms. Knowles has received countless calls from Defendants, wherein Defendants failed to leave any meaningful message or disclose their identity, in violation of multiple and numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(5), 1692d(6), 1692e, 1692e(10) and 1692f amongst others.

18. While attempting to collect the alleged debt from Mrs. Knowles, Defendants acted in an abusive, harassing and deceptive manner contrary to the standards of civilized society and the standards employed by others in its industry. All attempts to collect the alleged debt occurred within one year prior to Plaintiff filing this action.

19. Defendants, VKI and Scott Doe participated in, knew of, approved of, consented to and/or ratified the acts complained of herein.

20. As a direct and proximate result of Defendants' illegal collection tactics and harassing behavior, Mrs. Knowles has sustained actual damages in the form of extreme stress, fear, humiliation, and embarrassment.

21. Mrs. Knowles was extremely disturbed and severely distressed over Defendants' communications with her family members. Mrs. Knowles was also extremely disturbed and severely distressed over Defendants' threats to garnish her wages and freeze her bank account.

## TRIAL BY JURY

22. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692 et seq.**

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The foregoing acts and omissions of these Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

25. As a result of each and every Defendant's violations of the FDCPA, Plaintiff has suffered out-of-pocket expenses and actual damages, and is therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## COUNT II.

### VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT (FCEUA) 73 P.S. § 2270.1 et. seq. AND THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (UTPCPL) 73 P.S. § 201-1 et. seq.

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. Defendants are "debt collectors" as defined by 73 P.S. § 2270.3 of the FCUEA.

28. Plaintiff is a "consumer" as defined by 73 P.S. § 2270.3 of the FCUEA.

29. All of the above contacts by Defendants were "communications" relating to a debt as defined by 73 P.S. § 2270.3 of the FCUEA.

30. The foregoing acts and omissions of these Defendants constitute numerous and multiple violations of the FCEUA and UTPCPL, including but not limited to 73 P.S. § 2270.4(a), as evidenced by the following conduct:

   (a) Communicating with the Plaintiff at an unusual time or place or time or place known or which should be known to be inconvenient to the Plaintiff;

   (b) Communicating with any person other than the consumer when the location information of the consumer is known;

   (c) Communicating with any person other than the consumer and stating that the consumer owes any debt;

   (d) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

   (e) Communicating with anyone other than the consumer or her attorney without the prior consent of the consumer;

(f) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of the debt;

(g) The use of language the natural consequence of which is to harass the hearer;

(h) Causing a telephone to ring or engaging the consumer in repeated conversation repeatedly;

(i) The use of false, deceptive or misleading representations or means in connection with the collection of a debt;

(j) The false representation of the character, amount, or legal status of any debt;

(k) The false representation or implication that any individual is an attorney or that any communication if from an attorney;

(l) The representation or implication that nonpayment of any debt will result in the seizure, garnishment, attachment or sale of any property or wages of the consumer;

(m) The threat to take any action that cannot legally be taken or that is not intended to be taken;

(n) The use of false representation or deceptive means to collect a debt or obtain information about a consumer; and

  (o) The use of unfair or unconscionable means to collect or attempt to collect an alleged debt.

31. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law with the purpose of coercing Plaintiff to pay the debt.

32. As a result of the of the above violations of the FCUEA and UTPCPL, Plaintiff has suffered ascertainable losses entitling them to an award of statutory, actual and treble damages and attorney's fees and costs.

## COUNT III.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. Defendants intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns of affairs of the Plaintiff.

35. Defendants intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

36. Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, and or private concerns or affairs.

37. The intrusion by Defendants occurred in way that would be highly offensive to a reasonable person in Plaintiff's position.

38. Defendant, VKI participated in, knew of, approved of, consented to, and/or ratified the acts complained of herein.

39. Defendant, Scott Doe participated in, knew of, approved of, consented to, and/or ratified the acts complained of herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant for:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 et seq.

- For an order declaring that the Defendants' actions as described above are in violation of the FDCPA;

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant; and

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant;

## COUNT II.

## VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT (FCEUA) 73 P.S. § 2270.1 et. seq. AND THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (UTPCPL) 73 P.S. § 201-1 et. seq.

- For an order declaring that the Defendants' actions as described above are in violation of the FCEUA and the UTPCPL;

- for an order be entered enjoining the defendants from continuing to communicate with Plaintiffs' in violation of the FCEUA and the UTPCPL;

- for an award of actual damages pursuant to 73 P.S.§ 201-9.2(a) against each and every Defendant;

- for an award of statutory damages pursuant to 73 P.S.§ 201-9.2(a) against each and every Defendant;

- for an award of treble damages pursuant 73 P.S.§ 201-9.2(a) against each and every Defendant; and

- for an award of costs of litigation and reasonable attorney's fees pursuant to 73 P.S.§ 201-9.2(a).

## COUNT III.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- Actual damages from each and every Defendant for the emotional distress suffered as a result of the FDCPA, FCUEA and UTPCPL violations and invasions of privacy in an amount to be determined at trial;

- punitive damages from each and every Defendant for the malicious, intentional, willful, reckless, wanton and negligent violations of the FDCPA, FCUEA and UTPCPL and invasions of privacy in an amount to be determined at trial; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: November 18, 2008

RAPA LAW OFFICE, P.C.
By:   s/Jason M. Rapa, Esquire
Jason M. Rapa, Esquire
PA Attorney I.D. No. 89419
Matthew J. Rapa, Esquire
PA Attorney I.D. No. 208946
141 S. 1st Street
Lehighton, PA 18235
Telephone (610) 377-7730

Attorneys for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

I, Jessica A. Knowles, depose and say as follows:

13

## **VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

I, Jessica A. Knowles, depose and say as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. I have provided my attorneys with true and correct copies of each and every exhibit, which has been attached to this Complaint.
7. I have not altered, changed, modified, or fabricated the attached exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Date: __11/17/08___

*Jessica Knowles* (signature)
Jessica A. Knowles